# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| CALVIN JOHNSON, | : | MOTION TO VACATE |
| BOP ID 63204-019, | : | 28 U.S.C. § 2255 |
|    Movant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:15-CV-4276-TWT-CMS |
| | : | |
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. |
|    Respondent. | : | 1:11-CR-441-1-TWT-CMS |

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on Calvin Johnson's *pro se* Memeorandum [sic] Brief of Facts and Law in Support of Petitioner's Motion Filed Pursuant to 28 U.S.C. § 2255 [131]. Although no separate § 2255 motion appears on the docket, the undersigned has liberally construed Mr. Johnson's memorandum as making such a motion. For the following reasons, the undersigned will recommend that Mr. Johnson's § 2255 motion be summarily dismissed and that a certificate of appealability be denied.

In February 2013, a jury convicted Mr. Johnson of being a felon in possession of a firearm [94 (jury verdict)]. This conviction rested, *inter alia*, on evidence including (1) an assault rifle found in a room that Mr. Johnson had earlier identified to his parole officer as being his bedroom;

(2) a contemporaneous photograph showing Mr. Johnson holding that assault rifle discovered on a phone that Mr. Johnson was carrying at the time he was arrested; and (3) Mr. Johnson's confession that: "I'll take this charge; I'll take this one."

At trial, Mr. Johnson contended that (1) the assault rifle belonged to a friend of his; (2) the photograph was taken at a time and location when records from the ankle-monitor that he was required to wear as a condition of probation allegedly indicated that he was elsewhere, and (3) his confession was a selfless attempt to prevent law enforcement officers from charging either his terminally-ill mother or 13-year-old sister for possession of the assault rifle.

In his § 2255 motion, Mr. Johnson now argues that he is entitled to have his conviction and sentence vacated because (1) the Court abused its discretion in excluding the ankle-monitor records that allegedly proved he was elsewhere when the photograph was taken, and (2) his counsel was ineffective for failing to raise this issue on appeal.  *See* [131 at 10-17].

It is immediately apparent from a review of the trial transcript, however, that Mr. Johnson's arguments are factually unsupported.  Not

only did Mr. Johnson's trial counsel successfully introduce the ankle-monitor reports into the record, *see* [120 at 53-54 (Defendant's Exhibits 3 & 4)], he also argued vigorously in closing that the ankle-monitor reports "proved" that it was not Mr. Johnson in the photograph holding the assault rifle, *see* [122 at 26-29 & 39-41]. Thus, it is also immediately apparent that there was no trial court "error" with respect to the admission/exclusion of the ankle-monitor reports, and there was no issue for counsel to appeal with respect to those reports.[1]

Because "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief," this Court "must dismiss the motion and direct the clerk to notify the moving party." 28 U.S.C. foll. § 2255, Rule 4(b).

Accordingly, the undersigned **RECOMMENDS** that Mr. Johnson's § 2255 motion be **DISMISSED**.

The undersigned further **RECOMMENDS** that a certificate of appealability be **DENIED** because it is apparent that Mr. Johnson is not entitled to federal habeas corpus relief and he has not demonstrated that

---

[1] The Court excluded only a letter discussing the contents of the ankle-monitor reports, not the reports themselves. *See* [120 at 172-174].

the issue is reasonably debatable.  *See Slack v. McDaniel*, 529 U.S. 473, *passim* (2000); *see also* 28 U.S.C. foll. § 2255, Rule 11.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 21st day of December, 2015.

_____
CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE